UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS RUSSELL BOARDMAN,<br><br>      Petitioner,<br><br> v.<br><br>JEFFEREY PERKINS,<br><br>      Respondent. | CASE NO. C24-5777-BHS-SKV<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

  THIS MATTER is before the Court on United States Magistrate Judge S. Kate Vaughan's Report and Recommendation (R&R) recommending the Court deny and dismiss pro se petitioner Thomas Boardman's second or successive 28 U.S.C. § 2254 habeas petition. Dkt. 11. Boardman objects to the R&R, arguing his petition is not successive because his petitions do not assert the same claims against the same parties. Dkt. 12 at 2. Boardman also moves for leave to appeal *in forma pauperis*. Dkt. 14. He filed a memorandum and "disclosure statement" in support of his appeal. Dkt. 16.

  Boardman was convicted in Kitsap County superior court of first degree rape of a child in 2018. Dkt. 5. In 2019, he filed a § 2254 habeas petition challenging his judgment and sentence; this Court dismissed his petition without prejudice. *Boardman v. Uttecht*,

ORDER - 1

No. 19-CV-5328-BHS (W.D. Wash.). In 2021, he filed another § 2254 petition, which the Honorable John C. Coughenour denied as time-barred and dismissed with prejudice. *Boardman v. Uttecht*, No. 21-CV-5428-JCC, Dkt. 20 (W.D. Wash. Jan. 3, 2022).

This is Boardman's third § 2254 habeas petition challenging the same judgment and sentence. Dkt. 5.

A district judge must determine de novo any part of a magistrate judge's proposed disposition to which a party has properly objected. It must modify or set aside any portion of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

A proper objection requires "specific written objections to the proposed findings and recommendations" in the R&R. Fed. R. Civ. P. 72(b)(2). In providing for a de novo determination, Congress "intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Thus, the district court is required only to indicate that it reviewed the record de novo and found no merit to the objections in order to summarily adopt the R&R's analysis. *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). The district court is not obligated to "expressly address" every objection. *Id.* at 437.

A petitioner may not bring a second or successive habeas petition without permission from the Court of Appeals. 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2254 Rule

9. A second or successive petition is one with "claims contesting the same custody imposed by the same judgment of a state court." *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

Boardman's instant habeas petition challenges the same Kitsap County judgment and sentence for first degree rape of a child that he challenged in his first and second petitions. Dkt. 5 at 1. Because the Ninth Circuit has not authorized Boardman's filing of a successive § 2254 petition, the Court does not have jurisdiction to address his instant petition. *See Burton*, 549 U.S. at 157 (because petitioner had not received authorization from the Court of Appeals to file a second or successive petition, district court was without jurisdiction to rule on it).

The case is frivolous on its face. Boardman's motion for leave to proceed *in forma pauperis* is **DENIED**. *See Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987) ("A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.").

The R&R, Dkt 11, is **ADOPTED**. Boardman's objections, Dkt. 12, are **OVERRULED**. Boardman's § 2254 petition, Dkt. 5, is **DENIED**. The case is **DISMISSED** without prejudice. The Court declines to issue a certificate of appealability because Boardman has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

The Clerk shall enter **JUDGMENT** and close this case.

**IT IS SO ORDERED**.

1  Dated this 20th day of December, 2024.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 4